NORTH CAROLINA　　　　　　　IN THE GENERAL COURT OF JUSTICE
　　　　　　　　　　　　　　　　SUPERIOR COURT DIVISION
GUILFORD COUNTY　　　　　　　15 CVS 4735

BONITA M. WELLINGTON,　　　)
　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　 )　　COMPLAINT
　　　　　　　　　　　　　　)
GKN DRIVELINE, LLC,　　　　　)
　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　)

Plaintiff, complaining of defendant, alleges and says:

1. Plaintiff is a citizen and resident of Whitsett, Guilford County, North Carolina.

2. Defendant is a limited liability company organized under the laws of a state other than the state of North Carolina, which has places of business in the state of North Carolina, including Mebane, Alamance County, North Carolina.

3. Plaintiff is 65 years of age, having been born on June 2, 1950.

4. At all material times, defendant has had more than 15 and more than 20 employees in each of 20 calendar weeks in the current or preceding calendar year. Defendant had an annual gross volume of at least $500,000 in sales made and business done.

5. Plaintiff suffers from disability, consisting of pain and limitation of motion and use in her lower back, resulting from a compression fracture occurring

from a fall on February 14, 2014. At all material times, plaintiff has been a qualified individual with a disability, who with reasonable accommodation could perform the essential functions of her position of employment, as provided in 42 U.S.C. § 12118(8).

6. Plaintiff became employed by defendant on January 6, 2014, at defendant's plant on Trollingwood-Hawfields Road in Mebane, North Carolina, as a senior human resources business partner, at a rate of pay of $75,000 per year.

7. Plaintiff is a highly qualified human resources person, having been successfully employed for many years in that field by several major corporations.

8. Defendant discharged plaintiff on August 28, 2014, for alleged under-performance of her job and not achieving improvements that defendant wanted.

9. Defendant's discharge of plaintiff for the above-claimed reasons was wholly pretextual, and did not reflect either defendant's true reasons, or any relation or connection to reality.

10. In truth and in fact, plaintiff was a highly successful employee of defendant, and there was no justifiable business reason for defendant to have dismissed plaintiff.

11. Plaintiff received encouraging and supportive feedback from the managers of defendant, up until August 1, 2014, when she received a negative written review. The points of alleged negativity set forth in the review were failure

of plaintiff to act as a business partner, failure of plaintiff to provide basic human resources services, failure of plaintiff to build a business relationship, failure of plaintiff to accomplish work with normal supervision, and plaintiff's lack of necessary computing skills. Each and every one of these claimed negative points was false and pretextual. Plaintiff received reports, many of which were in writing, from persons she supported and with whom she interacted in the course of her position of employment with defendant, which totally and completely established the falsity of the alleged points of defendant's dissatisfaction with plaintiff's performance.

12. Following plaintiff's compression fracture of her back in February, 2014, she was out of work for only one full week, but did a lot of work from her home and was able to keep up with the requirements of her job. Plaintiff returned to work with a two-pound weight restriction, but this in no way affected her performance. After plaintiff was restricted by her doctor to half days for two weeks, she went back to full-time work and never missed any more days or part days.

13. Defendant's plant director stated to plaintiff, "You have the back issue and you wouldn't be able to get around the floor," but this was not true because plaintiff was able to get around very well physically and could do everything that her job required on the plant floor, which plaintiff immediately made clear in a statement to the plant director. On other occasions, defendant's plant director made

3

inquiries to plaintiff, including, "How is your back?"; "Is your back any better?"; "This is hard on your back, isn't it?" In each instance, plaintiff told her plant director that her back was getting along reasonably well and was not interfering with her employment, and that the work was not hard on her back.

14. In November, 2013, defendant employed Cuabeya Woods at its Mebane, North Carolina, plant, as a senior human resources partner, the same position into which plaintiff was later employed. Mr. Woods was paid at the rate of $82,000 per year initially and was raised to $86,000 per year in the spring of 2014. Mr. Woods at the time was between 40 and 45 years of age; he had far less experience than plaintiff in human resources; he had actually no significant human resources background; and he was far less capable and experienced than plaintiff. Plaintiff complained to defendant's vice president of human resources in April, 2014, about the pay disparity.

15. Defendant's plant director stated to plaintiff at one point during her employment in response to plaintiff's stated intention to work another ten years, "What? Work another ten years?", as he threw his hands up in the air.

16. Plaintiff filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission on September 15, 2014, alleging discrimination based on sex, age, and disability. This charge was filed in a timely manner.

17. On January 23, 2015, plaintiff received from the Equal Employment Opportunity Commission a notice of her right to commence this action against defendant.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION ON THE
## BASIS OF DISABILITY

18. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17, and incorporates the same by reference herein as if again fully set forth.

19. Defendant's dismissal of plaintiff was proximately and directly the result of defendant's intent to discriminate against plaintiff on the basis of her disability, in violation of 42 U.S.C. § 12112(a).

20. Plaintiff has filed her charge of discrimination on the basis of disability with the Equal Employment Opportunity Commission in a timely manner, and has received her notice of right to sue from the Commission, with this lawsuit being commenced in a timely manner, pursuant to 42 U.S.C. § 12117(a), incorporating by reference 42 U.S.C. § 2000e-5(b) and (e), and 42 U.S.C. § 2000e-5(f)(1).

21. Proximately and directly as a result of defendant's discrimination against plaintiff on the basis of her disability, she has sustained injuries and damages, including loss of income and valuable fringe benefits from employment,

inconvenience, mental anguish, and injury to reputation, for which plaintiff is entitled to be compensated by defendant in accordance with 42 U.S.C. § 1981a(a)(2), (b)(3).

22. Plaintiff has no plain and adequate remedy at law, and she is entitled to equitable relief from this court, consisting of an order enjoining and restraining defendant to reinstate plaintiff to her former position of employment, and thereafter not to discriminate against her on the basis of her disability, or alternatively, to pay her front pay in accordance with 42 U.S.C. § 12117(a), incorporating by reference 42 U.S.C. § 2000e-5(g)(1).

## SECOND CAUSE OF ACTION
## FOR DISCRIMINATION ON THE BASIS OF AGE

23. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17, and incorporates the same by reference herein as if again fully set forth.

24. Defendant's dismissal of plaintiff was on account of defendant's intent to discriminate against plaintiff on the basis of her age, in violation of 29 U.S.C. § 623(a)(1).

25. Proximately and directly as a result of defendant's age discrimination against plaintiff, plaintiff has sustained injuries and damages, including loss of pay and benefits, for which plaintiff is entitled to be compensated by defendant in accordance with 29 U.S.C. § 626(b).

26. Plaintiff has no plain and adequate remedy at law, and is entitled to equitable relief from this court, consisting of an order enjoining and restraining defendant to reinstate plaintiff to her former position of employment, and thereafter not to discriminate against her on the basis of her age, or alternatively, to pay her front pay, in accordance with 29 U.S.C. § 626(b).

### THIRD CAUSE OF ACTION FOR DISCRIMINATION ON THE BASIS OF SEX

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17, and incorporates the same by reference herein as if again fully set forth.

28. Defendant's dismissal of plaintiff was on account of defendant's intent to discriminate against plaintiff on the basis of her sex, in violation of 42 U.S.C. § 2000e-2(a).

29. Proximately and directly as a result of defendant's discrimination against her on the basis of her sex, plaintiff has sustained injuries and damages, including loss of income and valuable fringe benefits from employment, inconvenience, mental anguish, and injury to reputation, for which plaintiff is entitled to be compensated by defendant in accordance with 42 U.S.C. § 1981a(a)(2)(b)(3).

30. Plaintiff has no plain and adequate remedy at law, and is entitled to equitable relief from this court, consisting of an order enjoining and restraining defendant to reinstate plaintiff to her former position of employment, and thereafter not to discriminate against her on the basis of her sex, or alternatively, to pay her front pay, in accordance with 42 U.S.C. § 2000e-5(g)(1).

### FOURTH CAUSE OF ACTION
### FOR EQUAL PAY AT VIOLATION

31. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17, and incorporates the same by reference herein as if again fully set forth.

32. Plaintiff and Cuabeya Woods performed jobs requiring equal skill, effort, and responsibility, and performed them under similar working conditions.

33. Defendant, by paying Cuabeya Woods substantially more than defendant paid plaintiff under the above circumstances, violated the Equal Pay Act, 29 U.S.C. § 206(d)(3).

34. Proximately and directly as a result of defendant's violation of the Equal Pay Act, plaintiff has sustained injuries and damages, including loss of income and valuable fringe benefits from employment for which plaintiff is entitled to be compensated by defendant in accordance with 29 U.S.C. § 206(d)(3).

35. Plaintiff has no plain and adequate remedy of law, and is entitled to equitable relief from this court, consisting of an order enjoining and restraining

defendant to reinstate plaintiff to her former position of employment, and thereafter not to discriminate against her on the basis of pay in comparison to male employees for work requiring equal skill, effort, and responsibility under similar working conditions, or alternatively, to pay her front pay, in accordance with 29 U.S.C. § 206(d)(3).

WHEREFORE, plaintiff prays that she have and recover her damages of defendant, incurred and to be incurred, that plaintiff's judgment bear such interest as is provided by law, that plaintiff be reinstated as an employee of defendant, or alternatively, recover front pay of defendant, that the costs of this action be taxed against defendant, that plaintiff recover her attorney's fees and expenses of litigation from defendant pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12117(a), incorporating herein by reference 42 U.S.C. § 2000e-5(k), and 29 U.S.C. § 216(b), that all issues of fact be tried by jury, and that plaintiff have such other and further relief as to the court may seem just and proper.

/s/ Norman B. Smith
Attorney for Plaintiff
Norman B. Smith
Smith, James, Rowlett & Cohen, LLP
PO Box 990
Greensboro, NC 27402-0990
Tel: (336) 274-2992
Fax: (336) 274-8490
Email: normanbsmith@earthlink.net
NCSB 4962